# IN THE SUPREME COURT OF TEXAS

No. 18-0660

IN RE OCCIDENTAL CHEMICAL CORPORATION,
OXY INGLESIDE ENERGY CENTER, LLC,
OXY INGLESIDE LPG TERMINAL LLC, AND
OXY INGLESIDE OIL TERMINAL LLC, RELATORS

ON PETITION FOR MANDAMUS

**Argued September 10, 2018**

JUSTICE BROWN, joined in part by JUSTICE BOYD and JUSTICE BLACKLOCK, concurring.

I join the Court's opinion in full but write separately to emphasize constitutional concerns about the statutorily imposed deadline for resolving this case. The legislature has afforded us ninety days after the date a boundary-dispute suit is filed in this Court to enter a final order. TEX. LOC. GOV'T CODE § 72.010(e). Today, we have met that deadline. But our compliance should not be mistaken for acquiescence to either the constitutionality or advisability of a three-month window to dispose of this case or others like it.

The ninety-day deadline raises fundamental questions about our constitutional separation of powers. To what extent can the legislature instruct the judiciary—a co-equal branch of government—in how and when to conduct its business? The constitutional answer we know for certain is that the legislature has a real say in what cases this Court can hear: "The Legislature may confer original jurisdiction on the Supreme Court to issue writs of quo warranto and mandamus in

such cases as may be specified, except as against the Governor of the State." TEX. CONST. art. V, § 3(a). The constitution does not, however, explicitly vest the legislature with authority to dictate how the Court decides those cases or how long it may take to decide them. Rather, it speaks affirmatively and explicitly about the separation of powers between the branches of our state's government:

> The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

*Id.* art. II, § 1.

This is not the first time these concerns have arisen. Most recently, this Court considered an original-jurisdiction case with a statutory deadline in *In re Allcat Claims Services, L.P.*. Citing article 2, section 1, Justice Willett wrote separately in *Allcat* that the 120-day deadline at issue "raises a constitutional eyebrow" because it "threatens to interfere with our sworn adjudicatory duties under our Constitution." 356 S.W.3d 455, 485–86. (Tex. 2011) (Willett, J., concurring in part and dissenting in part). Simply put, as the final arbiter of complex, high-stakes legal disputes that affect all Texans to some degree, this Court needs to spend whatever time it takes to get it right. The timely resolution of any case before this Court is important, but not at the expense of correctness or fairness to the parties actually involved. In my view, separation-of-powers questions arise when a legislative mandate tips the scales toward timeliness at the expense of correctness and fairness.

The deadline in this case might well pass constitutional muster. I have neither decided nor prejudged the question. And because we were able to meet the deadline, I agree with the Court

that we should reserve judgment on the constitutional question. *See Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 169 (Tex. 2004) ("[W]e are obligated to avoid constitutional problems if possible."). Even if the deadline were unconstitutional, I would still try to "cooperate with priorities expressed by other branches of government *so long as* we fulfill our constitutional duties and neither impair our judicial prerogatives and functions, nor impair the rights of the parties." *See Allcat*, 356 S.W.3d at 474 (emphasis added). The legislature wanted a speedy disposition of a boundary-dispute case filed in this Court. So be it. We were able to comply, and I am confident our work did not suffer for it. We need not reach to litigate the constitution.

However, I believe this Court's capacity to "cooperate with the priorities expressed" by the legislature in the future is best served by flagging—repeatedly, if necessary—the constitutional tension underlying a time-constrained conferral of original jurisdiction on this Court. I expect this Court will continue in the spirit of cooperation. But our core constitutional duty to decide cases correctly, competently, and fairly—a duty uniquely vested in the judiciary—must remain paramount. Should we see a proliferation of similar statutory deadlines, or encounter a single deadline that is especially onerous, there is no guarantee this Court, even when cooperating in good faith, can comply. My hope, and my reason for writing separately, is that we never get to that point.

 

_____
Jeffrey V. Brown
Justice

OPINION DELIVERED: October 12, 2018